16-2018-CA-000291-XXXX-MA
CV-B

Filing # 66611400 E-Filed 01/16/2018 06:45:15 PM

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

ARILYN JAMES,

        Plaintiff,

v.                                   CASE NO:
                                          **Jury Trial Demanded**

BARCLAYS BANK DELAWARE,

        Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff ARILYN JAMES ("Ms. James" or "Plaintiff") files suit against BARCLAYS BANK DELAWARE ("Barclays" or "Defendant") and in support alleges:

### NATURE OF ACTION

1. This is an action for injunctive relief and damages in excess of $15,000 brought by Plaintiff, Arilyn James, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Florida Statute section 559.55 et seq. ("FCCPA") by Barclays. Fundamentally, this case is about Barclays refusal to respect Ms. James' personal and legal rights in its attempts to collect an alleged debt.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to Florida Statute section 26.012, Florida Statute section 559.77(1) and 47 U.S.C. § 227(b)(3).

### THE PARTIES

3. Plaintiff, Arilyn James, is a natural person, residing in Florida.

4. Barclays Bank Delaware is chartered as a National Bank with a principal place of business located at Barclays Bank Delaware, 100 S. West Street, Wilmington, Delaware 19801.

5. Ms. James is the regular user and carrier of the cell phone number (727) 480-3958.

6. At all times material, Barclays was transacting business in the State of Florida.

7. Barclays is a corporation responsible for attempting to collect an alleged debt from Ms. James.

8. Ms. James is the recipient of the Barclays calls.

9. Ms. James is the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

10. Ms. James is an "alleged debtor."

11. Ms. James is a "consumer" as defined in Florida Statute section 559.55(8).

12. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute section 559.55(6).

13. Ms. James hired Davis Law Firm to represent her to seek relief from the overwhelming volume of debt collection calls that Ms. James is receiving from Barclays.

## BACKGROUND

14. Beginning in January 2016, Ms. James started to make a record of the multiple collection calls per day from Barclays to her cell phone (727) 480-3958.

15. Barclays called Ms. James in an attempt to collect an alleged debt.

16. *NATURE OF THE VIOLATIONS.* Exhibit "A" displays the times and dates of at least some of the calls made by Barclays to Ms. James' cell phone (727) 480-3958.

17. Barclays made at least 118 calls to Ms. James' cell phone.

18. *MS. JAMES REVOKED CONSENT MULTIPLE TIMES.* On several occasions, Ms. James orally requested that Barclays "stop calling" her.

19. Despite these repeated requests, Barclays continued to call Ms. James' cell phone to harass her.

20. **BARCLAYS LACKED CONSENT.** Ms. James is the regular user and subscriber to cell phone (727) 480-3958.

21. Ms. James revoked any consent when she verbally asked Barclays to "stop calling" her.

22. Barclays has called Ms. James' cell phone over 118 times.

23. Barclays calls are so frequent that Ms. James often does not answer incoming phone calls from anyone.

24. **BARCLAYS PRACTICES.** Barclays called Ms. James using telephone number(s): (866) 408-4070; and (866) 456-0677.

25. The telephone number (866) 408-4070 is a number that does or did belong to Barclays or its agents.

26. The telephone number (866) 456-0677 is a number that does or did belong to Barclays or its agents.

27. Barclays attempted to collect an alleged debt from Ms. James by overwhelming her with telephone calls.

28. Each call Barclays made to Ms. James was made using an automatic telephone dialing system ("ATDS"), which has the capacity to store or produce telephone numbers to be called, without human intervention, using a sequential or random number generator; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1).

29. Furthermore, many of the calls at issue were placed by the Defendant using a "pre-recorded voice" as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

30. Ms. James recognized Barclays use of an artificial or pre-recorded voice from the pause or click Ms. James heard when answering her cell phone.

31. Ms. James repeatedly requested that Barclays "stop calling," however, Barclays continued to make calls.

32. Barclays made at least one call to (727) 480-3958.

33. Barclays made at least one call to (727) 480-3958 using an "automatic telephone dialing system" (ATDS).

34. Barclays made at least ten (10) calls to (727) 480-3958.

35. Barclays made at least ten (10) calls to (727) 480-3958 using an "automatic telephone dialing system" (ATDS).

36. Barclays made at least fifty (50) calls to (727) 480-3958.

37. Barclays made at least fifty (50) calls to (727) 480-3958 using an "automatic telephone dialing system" (ATDS).

38. Barclays made at least one hundred (100) calls to (727) 480-3958.

39. Barclays made at least one hundred (100) calls to (727) 480-3958 using an "automatic telephone dialing system" (ATDS).

40. Barclays made at least one hundred eighteen (118) calls to (727) 480-3958.

41. Barclays made at least one hundred eighteen (118) calls to (727) 480-3958 using an "automatic telephone dialing system" (ATDS).

42. Each call that Barclays made to Ms. James' cell phone was done so without the "express permission" of Ms. James.

43. Barclays has at least one recorded conversation with Ms. James.

44. Barclays has recorded numerous conversations with Ms. James.

45. Barclays has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

46. Barclays corporate policy and procedures are structured as to continue to call individuals like Ms. James, despite these individuals revoking any consent that Barclays may have mistakenly believed it had.

47. Barclays corporate policy and procedures provide no means for Ms. James to have her aforementioned cellular number removed from the call list.

48. Barclays has a corporate policy of using ATDS or pre-recorded or artificial voice message to collect debts from individuals such as Ms. James for its financial benefit.

49. Ms. James expressly revoked any prior consent Barclays may have mistakenly believed it had for placement of telephone calls to Ms. James' aforementioned cellular telephone by the use of an ATDS or pre-recorded voice or artificial voice immediately upon Barclays placement of the calls.

50. Barclays never had Ms. James' prior express consent for the placement of the telephone calls to her aforementioned cellular telephone by use of ATDS or a pre-recorded or artificial voice.

51. The calls made by Barclays to Ms. James' cell phone were willfully or knowingly made.

52. The calls made by Barclays to Ms. James' cell phone were not made for emergency purposes.

53. All conditions precedent to this action have been performed or waived.

## COUNT I – VIOLATIONS OF THE TCPA BY BARCLAYS

54. Plaintiff incorporates by reference paragraphs 1 through 53 of this Complaint.

55. Barclays negligently, willfully, or knowingly placed calls to Ms. James' cell phone.

56. Barclays placed non-emergency telephone calls to Ms. James' cell phone.

57. Barclays called Ms. James using an automatic telephone dialing system and/or used a pre-recorded or artificial voice.

58. Barclays called Ms. James after she revoked any consent by telling Barclays to "stop calling" her.

59. As a result of Barclays illegal conduct, Ms. James suffered actual damages and, under § 227(b)(3)(B), is entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

60. Therefore, Barclays is in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

61. WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff, ARILYN JAMES and against Defendant, BARCLAYS BANK DELEWARE for:

    a) Actual and statutory damages;

    b) An injunction permanently enjoining the Defendant from engaging in the aforementioned violative practices; and

    c) Such other or further relief as this Court deems equitable, just, or proper.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

62. Plaintiff incorporates by reference paragraphs 1 through 53 of this Complaint.

63. At all times relevant to this action, Barclays is subject to and must abide by the law of Florida, including Florida Statute section 559.72.

64. Barclays has violated Florida Statute section 559.72 by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

65. Barclays has violated Florida Statute section 559.72 by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

66. Barclays has violated Florida Statute section 559.72 by attempting to enforce a debt when Barclays knows that the debt is not legitimate or assert the existence of some legal right when Barclays knows that right does not exist.

67. Barclays actions have directly and proximately resulted in Ms. James' prior and continuous sustaining of damages as described by Florida Statute section 559.77.

68. WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff, ARILYN JAMES and against Defendant, BARCLAYS BANK DELEWARE for:

a) Actual and statutory damages;

b) Attorney's fees, litigation expenses, and costs of suit;

c) An injunction permanently enjoining the Defendant from engaging in the aforementioned violative practices; and

d) Such other or further relief as this Court deems equitable, just, or proper.

Respectfully Submitted,

DAVIS LAW FIRM

*s/ WILLIAM C. HANDLE*
TODD M. DAVIS, ESQ.
FL BAR NO. 58470
TD@DavisPLLC.com

WILLIAM C. HANDLE, ESQ.
FL BAR No. 1002425
WH@DavisPLLC.com
Bank of America Tower
50 N. Laura Street
Suite 2500
Jacksonville, FL 32202
904-400-1429 (T)
904-638-8800 (F)